IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                ORDER

                Plaintiff,

                                                      06-cr-54-bbc
                                                      10-cv-144-bbc

      v.

LARRY HENDRIX,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Defendant Larry Hendrix has filed a notice of appeal and motion for issuance of certificate of probable cause for appeal from the court's March 24, 2009 judgment dismissing defendant's motion pursuant to 28 U.S.C. § 2255 for lack of jurisdiction. Defendant has not paid the fee for filing an appeal or asked this court for leave to proceed in forma pauperis on appeal. It is therefore necessary to decide whether a certificate of appealability should issue and whether defendant is entitled to proceed in forma pauperis on appeal. I conclude that the answer is no to both questions.

     According to Fed. R. App. P. 24(a), a defendant who is found eligible for court-appointed counsel in the district court may proceed on appeal in forma pauperis without

1

further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed . . . ." Defendant had court-appointed counsel at trial. Therefore, he can proceed on appeal unless I find that his appeal is taken in bad faith. In this case, a reasonable person could not suppose that the appeal has some merit, as is required in order for the appeal to be taken in good faith. The standard for making that finding is different from the standard for deciding whether to issue a certificate of appealability. It is less demanding. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Applying this lower standard, I conclude that defendant is not proceeding in good faith. The law is clear on the subject of successive appeals. It is not debatable that he may not file repeated motions to vacate his sentence pursuant to 28 U.S.C. § 2255 without obtaining advance permission to do so from the court of appeals.

Defendant has a long history in this court of attempting to file successive petitions by naming his motion something other than a motion brought pursuant to § 2255. As I have admonished defendant on at least two previous occasions, "Any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255," requiring prior appellate approval before it may be brought in the district court. United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000).

Defendant's appeal is nothing more than a continuation of his game-playing. I certify that his appeal is not taken in good faith and that for this reason, he is not entitled to

2

proceed in forma pauperis on appeal. Further, I decline to issue a certificate of appealability. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

ORDER

IT IS ORDERED that defendant Larry Hendrix's request for a certificate of appealability and motion for leave to appeal in forma pauperis are DENIED.

Further, IT IS ORDERED that if defendant files any further documents in this case, the clerk of court is directed to forward them to me before filing. If I determine that the document includes a challenge to defendant's conviction or sentence and is not accompanied by an order of the Court of Appeals for the Seventh Circuit permitting the filing, then I will place the document in the file of this case and make no response to it.

Entered this 6th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge